IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN THE MATTER OF:                        :

ANGEL M. SAMO VEGA                       :      CASE NO. 03-03955(SEK)

   DEBTOR                                :      CHAPTER  13
------------------------------------:

ANGEL M. SAMO VEGA                       :      ADV. PROC. NO. 05-0117

   PLAINTIFF                             :

    V.                                   :

DORAL/HF FINANCIAL CORPORATION           :
JOHN DOE AND XYZ CORP.                   :

   DEFENDANTS                            :
------------------------------------:

> FILED & ENTERED
>
> JUL 1 0 2006
>
> CLERK
> U.S. BANKRUPTCY COURT
> SAN JUAN, PUERTO RICO

## OPINION AND ORDER

Before the court is Debtor's request for entry of partial summary judgment in this adversary complaint concerning a willful violation of the automatic stay.  Doral/HF Financial Corporation ("Doral") opposes the request.  For the reasons set forth below, we grant Debtor's request, finding Doral willfully violated the automatic stay, and sever Debtor's request for damages, rescheduling it for a pretrial hearing.

### Background

The parties does not dispute the following material facts. When Debtor filed for bankruptcy, he included Doral in the schedules and as a creditor in the Clerk's master address list. Doral was notified of the filing and of the effects of the automatic stay.  It filed a proof of claim as secured creditor in the amount of $108,467.36.  It also requested the lifting of the automatic stay, a remedy we denied on April 29, 2004.

Debtor filed an amendment to the confirmed plan indicating he



2

was surrendering the encumbered property to Doral. Nobody objected to the amended plan so that pursuant to General Order 03-01, it became the confirmed plan. Debtor has not surrendered the collateral.

On October 14, 2004, Doral filed an action for foreclosure on its collateral and collection of monies *in rem* and *in personam*, before the P.R.'s Court of First Instance, Bayamon Part. That Court entered a partial judgment dismissing the action for collection of monies against the Debtor with prejudice at Doral's behest.

### Discussion

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett* 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)

Debtor argues, and Doral does not dispute, it had knowledge of the existence of the automatic stay, when it filed the *in personam* action for collection of monies against him in the nonbankruptcy court. This action shows Doral violated the automatic stay. 11 U.S.C. § 362(c)(1). Thus, under Code § 362(h), Debtor should be awarded actual and punitive damages, costs and attorney's fees caused by the violation.



Doral requests the dismissal of the complaint claiming this single incident of including "collection deficiency language" in the prayer of the complaint filed in state court is not a willful violation of the stay. Next, Doral claims it did not violate the

3

stay because as soon as it became aware of this matter, it filed in a motion withdrawing any reference to the "collection deficiency language" before the nonbankruptcy court.  Third, Doral avers this complaint is an example of a cause of action promoted by Counsel for Debtor for her own benefit, because there was no damage inflicted upon Debtor.  Lastly, Doral states "the stay was inapplicable to Doral upon Debtor's failure to surrender his collateral to Doral".[1]

Pertinent portions of § 362 of the Code state:

(a) Except as provided in subsection (b)of this section, a petition filed under section 301, 302, or 303 of this title, ... operates as a stay, applicable to all entities, of-
     (6) any act *to collect, assess, or recover a claim against the debtor* that arose before the commencement of the case under this title
. . .
(h) An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and in appropriate circumstances, may recover punitive damages.
11 U.S.C. §362 (Our emphasis).

The Court of Appeals for the First Circuit has clearly stated that:

A willful violation does not require a specific intent to violate the stay.  The standard for willful violation fo



---

[1] Doral second and third allegations are directed to the amount of damages, if any, caused by its action.  We are not dealing with that phase of the proceedings, so, we postpone any ruling until the parties are given an the opportunity to present evidence. *Rijos v. Banco Bilbao vizcaya ( In re Rijos)* 263 B.R. 382 ( B.A.P. 1st Cir. 2001).  Doral's last argument is not clear to us. It seems Doral claims that because the amended confirmed plan provides for the surrender of the property; as long as Debtor does not comply with his obligation to surrender, the stay is not applicable to Doral.  Doral does not develop the argument, nor does it cite any authorities.  Thus, we see no need to discuss it any further. *In re Zannino*, 895 F.2d 1, 17 (1st Cir. 1990).

4

the automatic stay under §362(h) is met if there is knowledge of the stay and the defendant intended the actions which constituted the violation.  In cases where the creditor received actual notice of the automatic stay, courts must presume that the violation was deliberate.  The debtor has the burden of providing the creditor with actual notice.  Once the creditor received actual notice, the burden shifts to the creditor to prevent violations of the automatic stay.

*Fleet Mortgage Group, Inc. v. Kaneb*, 196 F. 3d 265, 269 ( 1st Cir. 1999) (citations omitted).

Here, it is uncontested that Debtors or the Clerk provided Doral with actual notice of the automatic stay.  There is no doubt that Doral voluntarily filed the action against the Debtor *in personam* for collection of any deficiency in the state court. Doral tries to minimize its actions, claiming that including the so called collection deficiency language in the prayer of the complaint was a mistake, which was corrected as soon as it became aware of the situation.  However, what really happened was that Doral requested the dismissal of the cause of action for the collection of monies against Debtor.  Indeed, the state court entered partial judgment dismissing with prejudice said cause of action.  Thus, Doral's characterization of the events is misleading, for facts show it was not merely collection language included by mistake in the prayer of the complaint.

WHEREFORE, we find Doral violated the automatic stay, and sever the request for damages, the pretrial hearing is rescheduled for August 16, 2006 at 9:30 a.m.

SO ORDERED, in San Juan, Puerto Rico, on July 6, 2006.

SARA DE JESUS
U.S. BANKRUPTCY JUDGE